# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

In re:

| | | |
|---|---|---|
| SYED RIZWAN MOHIUDDIN, | § | CASE NO.     15-34752-H1-7 |
| | § | |
| DEBTOR | § | CHAPTER 7 |

| | | |
|---|---|---|
| | § | |
| RANDY WILLIAMS | § | |
| CHAPTER 7 TRUSTEE | § | |
|     Plaintiff | § | |
| | § | ADVERSARY NO. 17-03201 |
| vs. | § | |
| | § | |
| SYED RIZWAN MOHIUDDIN | § | |
|     Defendant | § | |

## DEFENDANT'S ANSWER TO COMPLAINT
## OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. § 727

Defendant, Syed Rizwan Mohiuddin, files this Answer to the Plaintiff's Complaint and would show the court as follows:

1. Defendant admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Defendant admits that Plantiff requested an extension of time to file this Complaint as stated in paragraph 4 of Plaintiff's Complaint.

5. Defendant admits that the creditor matrix was unsigned as stated in paragraph 5 of Plaintiff's Complaint.  However, Plaintiff asked the Defendant to file the creditor matrix unsigned under the circumstances.  Defendant's compliance with Plaintiff's request to file the creditor matrix unsigned is not sufficient for discharge to be denied in this case. Defendant denies all other allegations contained in paragraph 5 of Plaintiff's Complaint.

6.  Defendant denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.  Defendant admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.  Defendant admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.  Defendant asserts his rights under the Fifth Amendment to the United States Constitution and respectfully declines to either admit or deny any allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendant asserts his rights under the Fifth Amendment to the United States Constitution and respectfully declines to either admit or deny any allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendant asserts his rights under the Fifth Amendment to the United States Constitution and respectfully declines to either admit or deny any allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendant asserts his rights under the Fifth Amendment to the United States Constitution and respectfully declines to either admit or deny any allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Defendant asserts his rights under the Fifth Amendment to the United States Constitution and respectfully declines to either admit or deny any allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendant asserts his rights under the Fifth Amendment to the United States Constitution and respectfully declines to either admit or deny any allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendant asserts his rights under the Fifth Amendment to the United States Constitution and respectfully declines to either admit or deny any allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendant asserts his rights under the Fifth Amendment to the United States Constitution and respectfully declines to either admit or deny any allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendant asserts his rights under the Fifth Amendment to the United States Constitution and respectfully declines to either admit or deny any allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant asserts his rights under the Fifth Amendment to the United States Constitution and respectfully declines to either admit or deny any allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendant asserts his rights under the Fifth Amendment to the United States Constitution and respectfully declines to either admit or deny any allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendant asserts his rights under the Fifth Amendment to the United States Constitution and respectfully declines to either admit or deny any allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendant asserts his rights under the Fifth Amendment to the United States Constitution and respectfully declines to either admit or deny any allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendant asserts his rights under the Fifth Amendment to the United States Constitution and respectfully declines to either admit or deny any allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendant admits the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendant denies that he refused to answer questions.  Defendant in fact answered several questions during the 341 meeting.  Debtor admits that the 341 meeting was continued as stated in paragraph 24 of Plaintiff's Complaint.

25. Defendant admits that he did not take a credit counseling course prior to the surprise commencement of this involuntary chapter 7 case against the Defendant as referenced in paragraph 25 of Plaintiff's complaint.

26. Defendant admits the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. There is no need to either admit or deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendant asserts his rights under the Fifth Amendment to the United States Constitution and respectfully declines to either admit or deny any allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Defendant asserts his rights under the Fifth Amendment to the United States Constitution and respectfully declines to either admit or deny any allegations contained in paragraph 29 of Plaintiff's Complaint.

30. Defendant asserts his rights under the Fifth Amendment to the United States Constitution and respectfully declines to either admit or deny any allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendant asserts his rights under the Fifth Amendment to the United States Constitution and respectfully declines to either admit or deny any allegations contained in paragraph 31 of Plaintiff's Complaint.

32. There is no need to admit or deny paragraph 32 of Plaintiff's Complaint.

33. Defendant denies any allegations that he has not been cooperative during the course of this involuntary proceeding.  Defendant has made himself available to Plaintiff on several occasions as requested by the Plaintiff.  Defendant asserts his rights under the Fifth Amendment to the United States Constitution and respectfully declines to either admit or deny all other allegations contained in paragraph 33 of Plaintiff's Complaint.

34. There is no need to admit or deny paragraph 34 of Plaintiff's Complaint.

35. There is no need to admit or deny paragraph 35 of Plaintiff's Complaint.

36. There is no need to admit or deny paragraph 36 of Plaintiff's Complaint.

37. Defendant asserts his rights under the Fifth Amendment to the United States Constitution and respectfully declines to either admit or deny any allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Defendant asserts his rights under the Fifth Amendment to the United States Constitution and respectfully declines to either admit or deny any allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendant asserts his rights under the Fifth Amendment to the United States Constitution and respectfully declines to either admit or deny any allegations contained in paragraph 39 of Plaintiff's Complaint.

40. There is no need to admit or deny paragraph 40 of Plaintiff's Complaint.

41. Defendant denies that he refused to cooperate with the Trustee.  Defendant further asserts his rights under the Fifth Amendment to the United States Constitution and respectfully declines to either admit or deny all other allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. There is no need to admit or deny paragraph 43 of Plaintiff's Complaint.

44. There is no need to admit or deny paragraph 44 of Plaintiff's Complaint.

45. Defendant asserts his rights under the Fifth Amendment to the United States Constitution and respectfully declines to either admit or deny any allegations contained in paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. There is no need to admit or deny paragraph 47 of Plaintiff's Complaint.

48. There is no need to admit or deny paragraph 48 of Plaintiff's Complaint.  However, Defendant denies any allegation that there has been an unacceptable blanket assertion of the Fifth Amendment privilege.

49. There is no need to admit or deny paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

51. Defendant denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

Respectfully submitted,

/s/ James Q. Pope_____
James Q. Pope
TBN: 24048738
The Pope Law Firm
5151 Katy Freeway, Suite 306
Houston, Texas 77007
Ph: 713-449-4481
Fx: 281-657-9693
jamesp@thepopelawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2017 a true and correct copy of the foregoing document was served on interested parties by electronic delivery.

/s/ James Q. Pope

James Q. Pope